```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

LINDA A. COOK,
Individually and as
Executor for the Estate
Of Roland Cook,
    Plaintiff,

   v.                                CIVIL ACTION NO.
                                       21-11362-RWZ

FOSTER WHEELER ENERGY
CORPORATION, et al.,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**MOTION FOR LEAVE OF COURT TO WITHDRAW APPEARANCES AS**
**COUNSEL FOR DEFENDANT REINZ WISCONSIN GASKET LLC**
**(DOCKET ENTRY # 328)**

**November 23, 2022**

**BOWLER, U.S.M.J.**

As set out in a second amended complaint, plaintiff Linda A. Cook, individually and as executor of the Estate of Roland Cook ("Cook"), ("plaintiff") seeks damages against various defendants based on Cook's exposure to their asbestos-containing products. (Docket Entry # 248). One of these defendants, Reinz Wisconsin Gasket LLC ("Reinz"), is a now-dissolved Delaware entity, effective August 30, 2022. (Docket Entry ## 328-1, 328-2). As a result, counsel for Reinz, Lawrence G. Cetrulo, Esq., Lawrence J. Sugarman, Esq., and Thomas H. Balestracci, Esq., move to withdraw as counsel for Reinz.[1] (Docket Entry # 328).

---

[1] Counsel also represent defendant DCo LLC. The motion does not seek to withdraw as counsel for DCo LLC.

Plaintiff opposes the motion on several grounds, including based on Local Rule 7.1(a)(2) ("Rule 7.1") and Massachusetts Rule of Professional Conduct 1.16(c). (Docket Entry # 331). Rule 7.1 requires attorneys to file a certification "that they have conferred and attempted in good faith to resolve or narrow the issue." L.R. 7.1(a)(2). Accordingly, prior to filing a motion, counsel ordinarily should meet and confer in an attempt to narrow or resolve the issues in good faith. L.R. 7.1(a)(2). However, when filing a motion for the requested action would be inefficient and unnecessary, "[p]arties need not file futile certifications under Rule 7.1." Khorsandian v. JP Morgan Chase Bank, NA, Civil Action No. 13-11692-NMG, 2013 WL 6979528, at *2 (D. Mass. Jan. 13, 2013). Since there is no client for counsel to represent, there is no ability for counsel to resolve this issue in a meet and confer outside filing the motion to withdraw.

The motion to withdraw is well taken. First, "[t]here is no requirement of law or common sense that a court compel counsel to continue to represent a former client when there has been a termination of the attorney client relationship before trial by mutual consent." Andrews v. Bechtel, 780 F.2d 124, 135 (1st Cir. 1985) (citations omitted). Second, a dissolved corporation does not have the protection of attorney-client relationships because, fundamentally, there is no longer a

client. Notably, "The attorney client privilege does not survive the death of the corporation." Off. Comm. of Admin. Claimants v. Moran, 802 F. Supp. 2d 947, 949 (N.D. Ill. 2011) (citations omitted); id. (quoting City of Rialto v. US Dep't of Defense, 492 F. Supp. 2d 1193, 1200-01 (C.D. Cal. 2007), as "'holding that fully dissolved corporations may not assert the attorney-client privilege'").

Plaintiff's opposition relies heavily on Miller v. Dunn, 839 F. Supp. 2d 383, 386 (D. Mass. 2011), for the proposition that because a lawyer filed to withdraw as counsel for a client on the eve of trial, the motion should be denied. (Docket Entry # 331). The attorney in Miller, however, wished to withdraw because of communication issues. The court in Miller did not find that reasoning persuasive enough to leave a client without representation so close to the trial date. Id. at 385-86; see id. (quoting White v. BAC Home Loans Servicing, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010), that "'withdrawing attorney bears the burden of proving the existence of good cause for withdrawal.'").

There are substantial differences between Miller and the instant case that distinguish its logic. The court in Miller denied the motion after considering the harm to the client, who would be without representation mere weeks before trial. Id. Moreover, the client in Miller was not a dissolved corporate

3

entity.  In contrast, because Reinz is no longer an entity, and there are several other named parties in this case, including DCo LLC, the litigation may move forward without Reinz—a dissolved company—being represented.  Moreover, Reinz does not require representation in this court because it is no longer an entity, and thus, there is no harm done in allowing counsel to withdraw from representing a dissolved entity.  Having considered plaintiff's remaining reasons against withdrawal, they are not convincing.

## CONCLUSION

Based on the foregoing reasons, the motion to withdraw (Docket Entry # 328) is **ALLOWED.**

                                          /s/ Marianne B. Bowler
                                          **MARIANNE B. BOWLER**
                                          United States Magistrate Judge