UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-CV-11362

LINDA A. COOK, individually and as Executor for the Estate of Ronald Cook,

v.

FOSTER WHEELER ENERGY CORPORATION, et al.

MEMORANDUM & ORDER

May 11, 2023

ZOBEL, S.D.J.

Ronald Cook was a fireman and boiler tender in the U.S. Navy, from about April 1966 to November 1968. He then worked as a repairman on small engines (*e.g.*, lawnmowers and snowblowers) from approximately 1976 to 1989. Mr. Cook died in May 2022 of malignant mesothelioma, a degenerative lung disease. Plaintiff Linda Cook, his widow, claims that his death was caused by his exposure to asbestos manufactured and/or sold by Defendants.

Plaintiff and each of the three remaining Defendants,[1] Briggs & Stratton Corporation, Foster Wheeler Energy Corporation, and DCo LLC, have filed cross motions for summary judgment.[2,3] Docket ## 371, 374, 378, 386, and 387. Plaintiff seeks judgment as to Defendants' affirmative defenses because Defendants cannot carry their

---

[1] At the motion hearing on March 23, 2023, the court allowed Plaintiff's Motion for Default Judgment against Defendant Reinz Wisconsin Gasket LLC (Docket # 461). Therefore, the motions pertaining to this Defendant (Docket ## 326, 375, 376, and 377) are denied as moot.
[2] The motions pertaining to Federal-Mogul (Docket ## 373 and 390) are denied as moot because the parties have resolved those claims.
[3] Plaintiff's motion against DCo LLC (Docket # 372) was resolved by the parties prior to the motion hearing, and therefore is also denied as moot.

1

burden of proof.[4] Defendants seek judgment because Plaintiff is unable to prove her claims.

It is clear from the papers and oral arguments on March 23, 2023, that significant facts are still in dispute. For example, Plaintiff and Briggs & Stratton disagree whether the gaskets Mr. Cook used in his work on lawnmowers contained asbestos. Defendant relies on expert analysis finding that no asbestos fibers were "released during gasket removal from the small engine." See Docket # 439, Ex. E, at 5. Plaintiff, on the other hand, notes that the gaskets tested were coated in oil, which can prevent asbestos fibers from being released. She also cites expert opinions that Mr. Cook was exposed to asbestos from Briggs & Stratton engines and that such exposure was a substantial factor causing his mesothelioma. See Docket # 405 at 5. She further also argues that the Navy's applicable specifications for boilers permitted Foster Wheeler to provide warnings about asbestos exposure, whereas Foster Wheeler claims the Navy excused them from doing so. Compare Docket # 413 at 15–25, with Docket # 379 at 15–17. Finally, Plaintiff and DCo disagree about the sufficiency of the evidence to identify DCo as a supplier of asbestos-containing gaskets. Compare Docket # 391 at 5–6, with Docket # 420 at 3–6. Summary judgment is not appropriate. Jones v. City of Boston, 845 F.3d 28, 32 (1st Cir. 2016); Sands v. Ridefilm Corp., 212 F.3d 657, 661 (1st Cir. 2000).

---

[4] Plaintiff also argues that Briggs & Stratton failed to properly notice their affirmative defenses pursuant to Fed. R. Civ. P. 8. The court did not consider that argument because summary judgment is not the appropriate remedy for this alleged deficiency. De La Vega v. The San Juan Star, Inc., 377 F.3d 111, 113, 116 (1st Cir. 2004).

The pending motions for summary judgment (Docket ## 371, 374, 378, 386, and 387) are DENIED. Plaintiff's motion for leave to file an opposition in excess of twenty-page limit (Docket # 416) is ALLOWED, reluctantly.

May 11, 2023
DATE

Rya W. Zobel
RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE