UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA A. COOK, INDIVIDUALLY AND AS EXECUTOR FOR THE ESTATE OF RONALD COOK,<br><br>Plaintiff,<br><br>v.<br><br>FOSTER WHEELER ENERGY CORPORATION, et al.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*  Civil Action No. 1:21-cv-11362-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

    Plaintiff Linda A. Cook ("Plaintiff"), individually and as executor of the Estate of her late husband, Roland Cook ("Mr. Cook"), brings this products liability action against Defendant Foster Wheeler Energy Corporation ("Foster Wheeler"), and others, asserting various claims related to Mr. Cook's claimed exposure to asbestos-containing products and materials while serving on the USS *Mullinnix*. [ECF No. 248]. Pending before the Court is Foster Wheeler's Motion for Clarification on Choice of Law and, Alternatively, to Apply Maritime Law ("Motion"). [ECF No. 477]. For the reasons given below, Foster Wheeler's Motion, [ECF No. 477], is **GRANTED** in part and **DENIED** in part.

I.    BACKGROUND

    As relevant to this Motion, Plaintiff alleges that Mr. Cook was exposed to asbestos-containing products and materials (including but not limited to boilers) made, sold, supplied, and distributed by Foster Wheeler, while he served as a fireman and boiler tender on the USS *Mullinnix* naval ship between April 1966 and November 1968, and that this exposure caused or

contributed to Mr. Cook's diagnosis, suffering, and ultimate death from malignant mesothelioma in May 2022. [ECF No. 248].

Foster Wheeler contends that Plaintiff's claims fall within admiralty jurisdiction, and are governed by maritime law, because they are based solely on Mr. Cook's purported asbestos exposure on the USS *Mullinnix*, while repairing and maintaining Foster Wheeler products. [ECF No. 477]. Foster Wheeler specifically asks the Court to adopt maritime law with respect to various issues in the case, including but not limited to, product identification/causation standards, the "bare-metal" and government-contractor defenses, and the unavailability of loss of consortium and punitive damages. [ECF No. 558 at 2–5]. Plaintiff responds that the Motion should be denied because no relevant conflict of law exists between Massachusetts and maritime law, [ECF No. 492], and, accordingly, asks the Court to conclude that she is entitled to seek loss of consortium, punitive, and survival damages under either Massachusetts or maritime law. [ECF No. 599 at 3–5].

II.   DISCUSSION

"Under 28 U.S.C § 1333, the federal courts have 'original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.'" See Air & Liquid Sys. Corp. v. DeVries, 139 S. Ct. 986, 992 (2019) (quoting 28 U.S.C § 1333).

It is well-settled that courts apply substantive federal maritime law if they have admiralty jurisdiction—regardless of whether, as here, federal jurisdiction is invoked based on diversity of citizenship, rather than admiralty jurisdiction. See Pope & Talbot v. Hawn, 346 U.S. 406, 409–10 (1953) (rejecting the argument that state law governs because jurisdiction was based on diversity of citizenship and holding that federal maritime law is controlling where plaintiff's

2

action is a maritime tort); Carey v. Bahama Cruise Lines, 864 F.2d 201, 208 (1st Cir. 1988) (holding that the district court should have applied maritime law, not Massachusetts law, concerning comparative negligence because the case involves a maritime tort); Adamson v. Port of Bellingham, 907 F.3d 1122, 1126 (9th Cir. 2018) ("[I]f the district court could have maritime jurisdiction over a tort claim, [s]ubstantive maritime law controls . . . whatever the forum or asserted basis of jurisdiction.") (internal quotation marks and citation omitted); see also Everett v. Carnival Cruise Lines, 912 F.2d 1355, 1358 (11th Cir. 1990) (citing Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1334 (11th Cir.1984), cert. denied, 470 U.S. 1004 (1985)); Pritt v. Air & Liquid Sys. Corp., No. 19-cv-10651, 2022 WL 902684, at *11 (S.D.N.Y. Mar. 28, 2022).

State law may, in limited circumstances, supplement maritime law—for example, where maritime law is silent—but "may not be applied where it is materially different than maritime law, or where it would defeat the reasonably settled expectations of maritime actors." Persson v. Scotia Prince Cruises, Ltd., 330 F.3d 28, 32 (1st Cir. 2003) (citation omitted); see also Carey, 864 F.2d at 207 (collecting cases); Coastal Fuels Mktg., Inc v. Florida Express Shipping Co., 207 F.3d 1247, 1251 (11th Cir. 2000) ("[W]hen neither statutory nor judicially created maritime principles provide an answer to a specific legal question, courts may apply state law provided that the application of state law does not frustrate national interests in having uniformity in admiralty law.").

The Supreme Court has articulated a two-part test for determining whether an alleged tort falls within the scope of admiralty jurisdiction. See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co. 513 U.S. 527, 534 (1995). The first prong of this analysis, the "location test," considers "whether the tort occurred on navigable water or whether injury suffered on land

was caused by a vessel on navigable water." Id.  The second prong, the "connection test," is two-fold, requiring the court to (i) "assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce"; and (ii) "determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." Id. (internal quotation marks and citations omitted).

Here, the Court finds that Plaintiff's claims against Foster Wheeler, which arise from Mr. Cook's alleged exposure to asbestos while aboard the USS *Mullinnix*, readily satisfy both the location and connection tests.  The "location test" is easily met because Plaintiff's claims against Foster Wheeler are based on alleged asbestos exposure while he was aboard the USS *Mullinnix* on navigable waters, either when it was at sea or in drydock.  See Vasquez v. GMD Shipyard Corp., 582 F.3d 293, 299 (2d Cir. 2009) (observing that ship docked for repairs is "still in 'navigable waters' for purposes of federal admiralty jurisdiction"); Phelps v. CBS Corp., No. 17-cv-08361, 2021 WL 4226037, at *3 (S.D.N.Y. Sept. 16, 2021) (finding location test satisfied where ship was temporarily drydocked).  Plaintiff's claims also satisfy the "connection test" because they are based on allegations that "a naval worker was injured during repair and/or maintenance to a completed vessel." Pritt, No. 19-cv-10651, 2022 WL 902684, at *11 (quoting Phelps, 2021 WL 4226037, at *3 (finding that alleged asbestos exposure satisfied the connection test)).  Accordingly, the Court concludes that Plaintiff's claims against Foster Wheeler fall within admiralty jurisdiction.  Thus, maritime law applies, but if and where it falls silent, Massachusetts law may apply.

In light of this determination, the Court next addresses the implications for each of the specific principles, defenses, and damages identified by the parties in their briefs.

4

### i. *Product identification/causation*

Foster Wheeler identifies federal maritime law concerning product identification/ causation. [ECF No. 558 at 3]. Plaintiff does not dispute the substantive law cited, nor identify areas requiring supplementation by state law. The Court concludes that maritime law governs this issue.

### ii. *Defenses*

Foster Wheeler contends that the "bare-metal" and government-contractor defenses as supplied by maritime law apply, without supplementation from state law. [ECF No. 558 at 3–4]. Plaintiff asserts that application of maritime law is unnecessary because no conflict exists between maritime law and Massachusetts' law regarding these defenses. [ECF No. 599 at 2]. Having concluded that maritime law applies, the Court clarifies that the "bare-metal" and government-contractor defenses are available should the evidence presented at trial establish their applicability.

### iii. *Damages*

Foster Wheeler argues that maritime law prohibits Plaintiff's recovery of loss of consortium and punitive damages. [ECF No. 558 at 4–5]. Plaintiff contends that recovery of such damages is permitted under maritime law (and Massachusetts law), in addition to survival damages. [ECF No. 599 at 2–5].

As Plaintiff points out, the authorities offered by Foster Wheeler in support of its argument largely involve claims based on the Jones Act, the Death on the High Seas Act, and unseaworthiness—none of which are invoked here. Thus, these cases are distinguishable.

On the other hand, the authorities cited by Plaintiff involving similar facts and claims are instructive. See, e.g., Pritt, No. 19-cv-10651, 2022 WL 902684, at *18 (collecting cases)

(finding maritime law permits recovery of consortium and punitive damages from manufacturer based on plaintiff's alleged exposure to asbestos-containing products while serving on naval ship). In <u>Pritt v. John Crane Inc.</u>, recently decided by another session of this court, the court held that loss of consortium, punitive, and survival damages may be available under general maritime law. <u>See</u> No. 20-cv-12270, 2023 WL 4471825, at *3–8 (D. Mass. July 11, 2023) (collecting cases) (finding maritime law does not prohibit plaintiff-widow of veteran allegedly exposed to asbestos while working aboard a naval ship from seeking loss of consortium, punitive, and survival damages from manufacturer). The Court is persuaded by the reasoning in this case and so determines here that Plaintiff may seek loss of consortium, punitive, and survival damages.

### III.  CONCLUSION

Foster Wheeler's Motion, [ECF No. 477], is therefore <u>GRANTED</u> in part and <u>DENIED</u> in part.

**SO ORDERED.**

September 1, 2023                                            /s/ Allison D. Burroughs
                                                             ALLISON D. BURROUGHS
                                                             U.S. DISTRICT JUDGE